**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAULETTE BROGNA and GEORGE BROGNA, her husband, | : : : : | Civ. No. 05-4839 (GEB) |
| Plaintiffs, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| UNITED STATES OF AMERICA, *et al.*, | : : | |
| Defendants. | : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant United States of America's ("Defendant" or "United States") Motion for Reconsideration of this Court's August 31, 2007 Opinion and Order ("August Opinion"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78. For the reasons set forth below, the Court will deny the Defendant's Motion for Reconsideration.

## I.    BACKGROUND

The factual background of this action is discussed at length in the August Opinion, wherein the Court granted the Department of the Navy's motion to dismiss Plaintiffs' claims against it, and denied the United States' motion for summary judgment. On September 13, 2007, the United States filed the present motion.

1

II.     **DISCUSSION**

    A.     **Standard for Motions for Reconsideration**

The standard for reconsideration is high and reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In this district, motions for reconsideration are governed by Local Civil Rule 7.1(I).  These motions can succeed only upon a showing that either "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) [reconsideration] is necessary to correct a clear error of law or prevent manifest injustice."  Carmichael v. Everson, No. 03-4787 (DMC), 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(I).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted). Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process.  Bowers, 130 F. Supp. 2d at 613 (citations omitted).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted).

    Generally, the moving party is not entitled to raise new arguments that could have been addressed in the original moving and responsive papers.  Bowers, 130 F. Supp. 2d at 613 ("[n]ot

only are such motions not a substitute for the appellate process, such motions are not an

opportunity to argue what could have been, but was not, argued in the original set of moving and

responsive papers"); <u>NL Industries Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516

(D.N.J. 1996) ("Reconsideration motions . . . may not be used to . . . raise arguments or present

evidence that could have been raised prior to the entry of judgment.").  However, the Court does

have the discretion to consider evidence raised for the first time in the motion for reconsideration

if such evidence may lead to a different decision.  <u>Panna v. Firstrust Sav. Bank</u>, 760 F. Supp.

432, 435 (D.N.J. 1991) ("There is nothing to prevent the court from examining new facts or

evidence that might lead to a different result if considered by the court.").

    **B.    Parties' Arguments**

        Defendant seemingly argues that reconsideration is necessary to correct a clear error of

law or prevent manifest injustice.[1]  Specifically, Defendant contends that the Court overlooked

the sovereign immunity of the United States in its choice of law analysis and mistakenly

concluded "the government was a resident of New Jersey."  According to Defendant, this mistake

caused the Court to find a New Jersey governmental interest where none existed, and resulted in

the erroneous choice to analyze the workers compensation law of New Jersey instead of the law

of Missouri.

        In the alternative, Defendant argues that the Court wrongly applied the workers

compensation law of New Jersey.  According to Defendant, the Court overlooked evidence that

Defendant is engaged in the business of transporting freight and evidence that Plaintiffs

_____

        [1]Defendant does not reference any change in the controlling law or any new evidence not
previously available.

"recognized and acquiesced in the control by the government."   Defendant also alleges that the Court erroneously concluded that the evidence of surveillance was the only evidence of control.

Plaintiffs counter that the "sovereign immunity of the United States is immaterial" to the choice of law analysis.   Plaintiffs contend that New Jersey has a legitimate governmental interest in "the welfare of persons working within its borders."

Plaintiffs claim the Court properly found that there was no evidence that Defendant was in the business of shipping fright, and that "defendant's disagreement with this Court's opinion is not a basis for reargument."  Id. at 6-7.  Similarly, Plaintiffs assert that the Court did not overlook any evidence demonstrating that Plaintiffs, rather than their employer, acquiesced in control by the government.

### C.   Defendant's Motion is Denied

### 1.   The Choice of Law Issue Was Properly Decided

The Court rejects Defendant's contention that the Court misapplied New Jersey's choice of law provisions by overlooking the sovereign immunity of the United States.[2]  First, the United States did not address the perceived impact of sovereign immunity on a New Jersey choice-of-law rules in its prior briefs.  See Def. Moving Br. at 12-16; Def. Reply Br. at 4.  In fact, in its prior briefs, the United States argued that the choice-of-law issue was controlled by a simple application of the opinions in Eger v. E.I. Du Pont DeNemours Co., 539 A.2d 1213 (N.J. 1988) and Wilson v. Faull, 141 A.2d 768 (N.J. 1958), neither of which address sovereign immunity.[3]

---

[2]Defendant does not dispute that New Jersey choice-of-law rules were the proper choice-of-law rules to analyze.

[3]Defendant does not reference any other authority in support of its sovereign immunity argument.

Second, the sovereign immunity of the United States does not alter the Court's analysis. In the present case, the United States sought the dismissal of tort claims, arguing that the FTCA provides the United States with the same defenses available to "a private individual under the like circumstances," including the immunity defense provided by state workers compensation statutes. Def. Moving Br. at 10-12. In the August Opinion, the Court concluded that the choice of law issue in this case was similar to that in Eger, and applied New Jersey law. The Court recognized that a state "has a genuine and legitimate interest in protecting the welfare of persons working within its borders, affixing responsibility for that protection, regulating the safety of the workplace, and allocating the financial costs resulting from employments accidents." August Opinion at 6-7 (quoting Eger, 539 A.2d at 1217). The Court also recognized that New Jersey had an interest in ensuring that general contractors in New Jersey are subject to a consistent liability scheme, which they are able to anticipate. Id. at 8-9. Regardless of the residency of Defendant, these state interests still outweigh the interests of other states. See id. at 9. Therefore, the Court rejects Defendant's assertion that the Court "should not have concluded . . . that New Jersey had any interest in applying its workers compensation law." See Def. Br. at 4.

Defendant's assertions that the "United States is not a corporate entity subject to the laws of New Jersey" and is "simply not governed by any state law" are unpersuasive, because the FTCA subjects the United States to tort liability under state law. Similarly, Defendant's assertion that "sovereign immunity . . . bars the Worker's Compensation law of New Jersey from application to any employee of the United States" is irrelevant because whether the United States is liable under the New Jersey workers compensation laws is not at issue. Likewise, Defendant's assertion that "[c]ivilian employees of the United States . . . receive workers compensation under

the Federal Employees Compensation Act" is besides the point, because Defendant does not assert that the federal act bars Plaintiffs' claims.

### 2.    Defendant Failed to Provide Evidence of a Special Employment Relationship

The Court also rejects Defendant's arguments that the Court erroneously applied New Jersey workers compensation law.

First, the Court did not overlook evidence that Defendant was in the business of shipping ammunition.  The Court specifically noted that "Defendant demonstrates that the transportation of ammunition is integral to the Department of the Navy, and that the ordnance command at NWS Earle is responsible for the movement of ammunition, as well as its testing, storage, and loading."  August Opinion at 12.  Although the declaration of Gaskiewicz states that "the Navy also transports ammunition itself," the Court cannot conclude that the Brognas were doing work that is more accurately characterized as work of the special employer alone.  Thus, as in Marino v. Industrial Crating Co., 358 F.3d 241, 252 (3d Cir. 2004), the second factor in the test for a special employment relationship does not point toward the existence of such a relationship.

Second, the Court did not overlook evidence that the Brognas recognized and acquiesced in the control by the government.   The issuance of security clearance passes to employees of a contractor does not constitute an implied employment contract with those employees.

Third, the Court did not overlook evidence of control.  The Court noted the bill of lading between Plaintiffs' employer and Defendant.  See August Opinion at 2, 12.  Likewise, Defendant's ability to make unannounced inspections, to plan the route, and to exert direct control in an emergency situation was considered.  The Court recognized that "both [Plaintiffs'

6

employer] and Defendant exercised some level of control," but that "'the borrower of a truck and driver can specify the cargo, destination and route without thereby being deemed to assume control of the work.'" Id. at 13 (quoting Murin v. Frapaul Constr. Co., 573 A.2d 989, 994 (N.J. Super. Ct. App. Div. 1990)).  Defendant has not submitted evidence showing that they could control the day-to-day details of Plaintiffs' work.

**III.    CONCLUSION**

Defendant has offered no evidence that this Court overlooked a factual or legal issue that may have altered the disposition of the matter, or that denial of this motion would lead to manifest injustice.  Therefore, Defendant's Motion for Reconsideration is denied.  An appropriate form of order is filed herewith.


Dated:  January 2, 2008


                                                      s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.